UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:11-00092 |
| | ) | JUDGE CAMPBELL |
| DENXEL JACQUIEL RUSSELL | ) | |

MEMORANDUM AND ORDER

Pending before the Court are the Defendant's letter (Docket No. 37) requesting a sentencing reduction; a Supplemental Brief (Docket No. 42), filed by counsel for the Defendant; and the Government's Response To Defendant's Motion for Sentence Modification (Docket No. 43). Through his filing, the Defendant seeks a two-point reduction in his sentence based on Amendment 782 to the United States Sentencing Guidelines.

Amendment 782, which went into effect on November 1, 2014, reduces by two the offense levels assigned in the Drug Quantity Table, U.S.S.G. § 2D1.1, resulting in lower guideline ranges for most drug trafficking offenses. (Background Information Section of Frequently Asked Questions: Retroactive Application of the 2014 Drug Guidelines Amendment, *available at* http://www.ussc.gov.) The Amendment was given retroactive effect, but offenders may not be released from prison based on the Amendment earlier than November 1, 2015. *Id.;* U.S.S.G. § 1B1.10(d), (e).

A sentence of imprisonment is a final judgment and may be modified by a district court only in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 130 S.Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). A limited exception to the general rule of finality is authorized by 18 U.S.C. § 3582(c)(2) in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered and made retroactive by the Sentencing Commission. Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted," the court is to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The Defendant pled guilty to drug trafficking offenses pursuant to a Plea Agreement in which the parties agreed to a sentence of 72 months of imprisonment. (Docket Nos. 28, 29). The 72-month agreed sentence was higher than the sentencing range (12 to 18 months) for the offense level of 12 and Criminal History Category of not less than II anticipated in the Plea Agreement. (Docket No. 29, at 7-8). As part of the Plea Agreement, however, the Government agreed not to seek additional charges against the Defendant for being a convicted felon in possession of firearms and for possessing firearms in furtherance of a drug trafficking crime

related to certain firearms and drugs seized at the time of his arrest. (Docket No. 29, at 8-9).[1]
Also as part of the Agreement, the Defendant agreed to waive various rights, including the right to challenge the sentence imposed in any collateral attack, including a motion brought pursuant to 18 U.S.C. § 3582(c). (Id., at 11).

At sentencing, the Court imposed the agreed-upon sentence of 72 months, noting that it was above the applicable guideline range of 15 to 21 months, based on a total offense level of 12 and a Criminal History Category of III. (Docket Nos. 34, 35).

The Defendant is not entitled to a sentencing reduction under Amendment 782 for two reasons. First, the offense level reductions in Amendment 782 do not have the effect of lowering the Defendant's guideline range. The Supplement to the Presentence Investigation Report explains that Amendment 782's revision of the Drug Quantity Table does not change the offense level assigned to the 15.4 grams of cocaine for which the Defendant was held responsible at

---

[1] The facts agreed upon by the parties in the Plea Agreement included the following description of the seizure:

> The defendant was arrested on the referenced sales on April 1, 2011, pursuant to a federal complaint and warrant, at a residence in the Columbia Garden Apartments in Columbia where he had been staying. At the time of the arrest, executing officers observed and subsequently recovered 3 firearms described as follows: (1) a Norinco, model SKS, 7.62 x 39 caliber rifle; (2) a Ruger, model P345, .45 caliber pistol, and a Hi-Standard, model Sentinel Mark II, .357 magnum caliber revolver. Each of the firearms was loaded. The Ruger pistol was determined to have been stolen. The defendant was a convicted felon at the time for two prior drug trafficking offenses, and was therefore prohibited from possessing the firearms. A state search warrant was subsequently obtained, resulting in the additional recovery of approximately 10 grams of cocaine, scales, ammunition, a ballistic vest, and paperwork with RUSSELL'S name on it. RUSSELL admitted to investigators to possessing the referenced firearms.

(Docket No. 29, at 6).

sentencing.[2] Because the Defendant's guideline range has not "subsequently been lowered," he is not entitled to a reduction in his sentence under 18 U.S.C. § 3582(c)(2).

Second, the 72-month sentence agreed to by the parties was higher than, and therefore, not established by, the advisory sentencing guideline range anticipated by the parties in the Plea Agreement. See Freeman v. United States, ___ U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011); United States v. Garrett, 758 F.3d 749 (6th Cir. 2014)(When a defendant agrees to a sentence in a Rule 11(c)(1)(C) plea agreement that employs a particular Sentencing Guidelines range to establish the term of imprisonment, the defendant may be eligible for a sentence reduce under 18 U.S.C. § 3582(c)(2) where that guideline range has been subsequently lowered). The language of the Plea Agreement also made clear that "the agreed sentence stated herein is not dependent on" the Sentencing Guidelines calculations set forth in the Agreement. (Docket No. 29, at 7).

For these reasons, the Defendant's request for a sentence reduction is DENIED.

It is so ORDERED.

                                                _Todd Campbell_
                                                TODD J. CAMPBELL
                                                UNITED STATES DISTRICT JUDGE

---

[2] In the 2011 edition of the Guidelines Manual that was applicable at Defendant's sentencing, Section 2D1.1(c)(14) of the Drug Quantity Table assigned offense level 12 to "Less than 25 G of cocaine." Under the Drug Quantity Table revised by Amendment 782, and codified in the 2014 edition of the Guidelines Manual, level 12 is also assigned to "Less than 50 G of cocaine."